IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES BELL, PRO SE, <br> TDCJ-CID # 877694, <br><br> Plaintiff, <br><br> v. <br><br> JOHN JOWERS, II and <br> MANUEL MENDOZA, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:04-CV-0318 |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JAMES BELL, acting pro se and while incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, filed this suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that, on July 24, 2004, in response to an unsolicited remark by plaintiff, defendant JOWERS grabbed an envelope from the top of plaintiff's door and threw it over 2 row down the stairs onto 1 row. Plaintiff says when he asked for his mail back, defendant MENDOZA responded with vulgarities and told him to shut up. Plaintiff says he got his mail back from another officer.

Plaintiff requests an investigation into the matter and an award of $100,000.00.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his amended complaint to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## LAW AND ANALYSIS

The Court notes it is not an investigative body, and the federal Marshal is not a party to this litigation. The Court cannot order a non-party to conduct an investigation.

As to the request for monetary relief, plaintiff pleads no basis for such an award of compensatory relief, and the Court is left in doubt as to the basis for plaintiff's belief that he is entitled to such relief.

It is established law that the abstract value of a constitutional right may not form the basis for section 1983 damages. *Brown v. Bryan County, OK*, 219 F.3d 450, 467 (5th Cir. 2000)(citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Hay v. City of Irving, Texas*, 893 F.2d 796, 800 (5th Cir. 1990). Plaintiff has not shown that he suffered any actual harm as a result of the events alleged. To the extent plaintiff requests compensation for any emotional distress or mental anguish he suffered as a result of the defendants' actions, the Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Relying on Eighth Amendment

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

jurisprudence, the Fifth Circuit has determined that the "physical injury" required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997).  Plaintiff has utterly failed to allege any physical injury of any kind to support his request of $100,000.00.  Plaintiff has alleged no basis to support the relief requested and has, therefore, failed to state a claim on which relief can be granted.

## CONCLUSION

IT IS HEREBY ORDERED:

This Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   10TH   day of May, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE